IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY E. COUCH, | § | |
| *Plaintiff,* | § | |
| vs. | § | SA-19-CV-00954-DAE |
| HONORABLE MARY BETH ROGERS, SHIRLEY M. DENNIS, DEBRA DENNIS, | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Appointment of Counsel [#3], which was referred to the undersigned for disposition on August 8, 2019. The record reflects that Plaintiff filed his Complaint on August 6, 2019 and paid the required filing fee. Plaintiff now asks the Court to appoint him counsel to represent him in this action. The Court will deny the motion.

There is no automatic right to the appointment of counsel in a civil lawsuit. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Rather, a district court has discretion to appoint counsel based on the type and complexity of the case presented and the abilities of the individual pursuing it. *Id.*; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). A district court is not required to appoint counsel in the absence of "exceptional circumstances" indicating it would be an abuse of discretion not to do so. *Cupit*, 835 F.2d at 86.

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate due to the nature of this case and his relative abilities to present his claims in this Court. Plaintiff's Complaint [#1] sues a judge in

New Jersey and several other individuals residing in New Jersey for $11,222.00 in damages based on this Court's diversity jurisdiction. Plaintiff's allegations surround an alteration to a will in New Jersey probate court that allegedly caused him financial harm. Based on these allegations, it is likely that this Court does not have subject matter jurisdiction over Plaintiff's claims. Accordingly, the appointment of counsel is not warranted.

Federal courts are courts of limited jurisdiction and only have authority to hear a case if it falls under one of two categories of federal jurisdiction: (1) federal question, 28 U.S.C. § 1331 or (2) diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff does not assert a federal cause of action in this case so as to fall under this Court's federal-question jurisdiction, and his Complaint states that he is proceeding under this Court's diversity jurisdiction. This Court has diversity jurisdiction where a lawsuit is between citizens of different states (as here) and the amount in controversy exceeds $75,000 based on the facts as alleged on the face of the plaintiff's complaint. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's Complaint states that the amount in controversy is $11,222.00. (Compl. [#1] at 4.) Accordingly, based on the face of Plaintiff's Complaint, his lawsuit does not fall under either statutory basis for this Court's subject matter jurisdiction. The Court will not appoint counsel under these circumstances.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [#3] is **DENIED**.

SIGNED this 13th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE