IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY E. COUCH, | § | |
| *Plaintiff,* | § § § | |
| vs. | § § | SA-19-CV-00954-DAE |
| HONORABLE MARY BETH ROGERS, SHIRLEY M. DENNIS, DEBRA DENNIS, | § § § § | |
| *Defendants.* | § § § | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns this Court's subject matter jurisdiction over this case. The District Court referred Plaintiff's Motion for Hearing on October 24, 2019. In the undersigned's order denying the motion, the undersigned ordered Plaintiff to file a more definite statement of the claims he seeks to present to the Court in order to determine whether there is subject matter jurisdiction over this case. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

## I.  Analysis

This Court has an obligation to evaluate its subject matter jurisdiction at any point in the course of a case and to do so *sua sponte*, meaning on its own motion. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Plaintiff filed his Complaint on August 6, 2019, proceeding *pro se*, paid the filing fee, and effected service. No Defendant has yet to make an appearance in this case.

1

Plaintiff's Complaint [#1] sues a judge in New Jersey and several other individuals residing in New Jersey for $11,222.00 in damages purportedly based on this Court's diversity jurisdiction. Plaintiff's allegations surround an alteration to a will in New Jersey probate court that allegedly caused him financial harm. Plaintiff filed a More Definite Statement on November 5, 2019 [#11], supplementing his allegations. Plaintiff contends that he was asked to pay court costs in New Jersey related to an application to be designated as an administrator for the estate of Pearleen Dennis, the mother of Plaintiff's cousin, and never received a refund. Plaintiff also alleges he was responsible for other expenses related to Ms. Dennis's estate administration and seeks reimbursement. Plaintiff attaches invoices to support his claim that certain expenses were incurred. The amounts listed in these invoices are approximately $3,096.00 in funeral expenses and less than $1,000 in hotel and rental car expenses. (Invoices [#11] at 4–82.)

Federal courts are courts of limited jurisdiction and only have authority to hear a case if it falls under one of two categories of federal jurisdiction: (1) federal question, 28 U.S.C. § 1331 or (2) diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff does not assert a federal cause of action so this case does not fall under this Court's federal-question jurisdiction, and his Complaint states that he is proceeding under this Court's diversity jurisdiction. This Court has diversity jurisdiction where a lawsuit is between citizens of different states (as here) and the amount in controversy exceeds $75,000 based on the facts as alleged on the face of the plaintiff's complaint. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's Complaint states that the amount in controversy is $11,222.00. (Compl. [#1] at 4.) Plaintiff's More Definite Statement provides the Court with invoices not exceeding $5,000.00. (Invoices [#11] at 4–82.)

Courts evaluate the amount in controversy by looking at the face of the complaint and determining whether the claimed amount of damages exceeds the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co.*, 364 Fed. App'x 114, 117 (5th Cir. 2010). Based on the face of Plaintiff's Complaint and More Definite Statement, his lawsuit does not fall under either statutory basis for this Court's subject matter jurisdiction. Plaintiff does not assert a federal cause of action, and Plaintiff does not allege that the amount in controversy in this case exceeds $75,000. This Court therefore lacks subject matter jurisdiction over Plaintiff's Complaint, meaning Plaintiff's lawsuit may not be heard in federal court.

## II. Conclusion and Recommendation

Having considered the facts alleged in Plaintiff's Complaint and More Definite Statement, the undersigned concludes that there is no subject matter jurisdiction over this case and therefore recommends that Plaintiff's Complaint be **DISMISSED**.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections

to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of November, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE